**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS W. PRATT,

      Petitioner,

vs.

Warden ORNOSKI,

      Respondent.
_____/

No. C 05-3503 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND**

This is a habeas case filed pro se by a state prisoner. Petitioner alleges that his right to due process was violated when the Board of Prison Terms ("BPT") found him not suitable for parole.

Respondent has moved to dismiss the action for lack of subject matter jurisdiction, contending that petitioner has no liberty interest in parole and therefore no federal due process rights in connection with parole decisions. Respondent also contends that the petition is insufficient to plead a claim for federal habeas relief because petitioner does not say which parole denial hearing he is challenging. Petitioner has opposed the motion; it is ready for decision.

**DISCUSSION**

Respondent contends that a decision of the California Supreme Court, *In re Dannenberg*, 34 Cal. 4th 1061 (2005), establishes that California prisoners have no liberty interest in parole and that prisoners therefore have no federal due process rights in connection with parole decisions. The Ninth Circuit has rejected this contention, so this ground for the motion is without merit. *See Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1125 (9th Cir. 2006).

Respondent also contends that it is impossible to respond to the petition when petitioner has failed to say which parole hearing he is attacking. In the opposition petitioner makes clear that he is attacking his 2005 hearing, and contends that should have been obvious because it is the only one as to which the federal statute of limitations has not expired. Whether the date might have been deduced or not, the petition is required to "set forth the facts supporting each of the grounds ...." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A petitioner has not "set forth the facts supporting" the allegations of the petition if he or she does not say which hearing is at issue. The motion to dismiss will be granted on this ground, the dismissal being with leave to amend.

## CONCLUSION

The motion to dismiss (document number 8 on the docket) is **GRANTED**. The petition is **DISMISSED** with leave to file an amended petition within thirty days which specifies the parole hearing to which it is directed. The amended petition must include the caption and case number used in this order and the words AMENDED PETITION on the first page. Because the petition will completely replace the original, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), petitioner should include in it all the claims he wants to raise. He need not, however, refile the many exhibits he submitted in support of the petition; these will be considered in ruling on the amended petition. Failure to amend within the designated time will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated: March 12, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\PRATT503.DWLTA